## No. 6110.

### CITY OF NEW ORLEANS VS. H. S. BUCKNER.

Defendant fails to show that he resorted to the mode provided by law and within the time prescribed to have the error of assessment of which he complains corrected. The letter he addressed to the Administrator of Assessments was not supported by affidavit or other evidence showing specifically the amount and valuation of his personal property.

If the question of the correctness of the assessment were now before this court there is nothing in the record to justify a reduction in the assessment. The testimony of the defendant is indefinite, evasive, and unsatisfactory, and can not overcome the weight that should be given to an assessment made by officers acting under oath.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *Sam. P. Blanc*, Assistant City Attorney, for plaintiff and appellant. *T. Gilmore & Sons*, for defendant and appellee.

WYLY, J. Defendant resists the demand for the amount of his city taxes on personal property for 1875 on the ground that the valuation thereof in the assessment is excessive, and that he made proper applica-

tion for its reduction, without success. Defendant fails to show that he resorted to the mode provided by law and within the time prescribed to have the error of which he complains corrected. 19 An. 474; 21 An. 439. The letter he addressed to the Administrator of Assessments was not supported by affidavit or other evidence showing specifically the amount and valuation of his personal property. And if the question of the correctness of the assessment were now before the court we find nothing in the record to justify a reduction of the assessment. The only evidence offered on this point is the testimony of defendant, which is indefinite, evasive, and unsatisfactory. He fails to give a statement of what his capital consists and the true value thereof, also the amount of money he has at interest. Such evidence can not overcome the weight that should be given to an assessment made by officers acting under oath.

It is therefore ordered that the judgment herein be annulled, and it is decreed that plaintiff recover of defendant five thousand dollars with ten per cent interest from thirty-first March, 1875, and all costs.

Rehearing refused.